UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 19 2011

DAVID J MALAND, CLERK
BY
DEPUTY_____

| | | |
|---|---|---|
| DEVERN MORGAN<br>    Petitioner | § § | |
| V. | § § | CIVIL CASE NO. _____ |
| M. MARTIN<br>    Respondent | § § § | |

1:11CV0468

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. §2241.

COMES NOW, DEVERN MORGAN, hereafter the Petitioner, pro se, and files this petition for Writ of Habeas Corpus, to support this petition the Plaintiff/Petitioner shows the court as follows.

I.

The petitioner is currently serving a 80 month sentence imposed from the United States District Court in the Eastern District of Louisiana New Orleans Division case number 08-078 "R" and a concurrent sentence of 10 months in the same district for mail fraud case number 08-092 "I". The petitioner has a projected release date date via good time of December 5, 2014, petitioner is incarcerated at F.C.I. Beaumont in the Eastern District of Texas within this Honorable Courts jurisdiction.

II.

Petitioner was arrested on March 24, 2008 for conspiracy to posses with intent to distribute 500 grams or more of cocaine hydrocloride case number 08-078 "R", subsequently petitioner was arrested again while in official federal detention for mail fraud case number 08-092 "I". Petitioner promptly plead guilty to both charges, due to the mail fraud charge being less complex as the drug conspiracy charge the petitioner was promptly sentenced to 10 months of incarceration for the mail fraud charge. Approximately four months later petitioner was sentenced to 80 months of incarceration for the drug conspiracy ordered to be served concurrently with the 10 month sentence that the petitioner received while awaiting the sentencing hearing on the conspiracy charge, in open court sentencing Judge Sarah Vance rejected the Government's request for a consecutive sentence, the written judgement was silent and the Bureau of Prisons ultimately calculated the petitioners sentence as a consecutive sentence, totaling 90 months of imprisonment. Petitioner then ordered the sentencing transcripts for the officials at the Bureau of Prisons review showing the intent of the sentencing court, the petitioner was told that the B.O.P. would only recognize a court order by the officers in the records department at the institution, the petitioner then filed a motion with the sentencing court requesting a clarification of sentence showing the district courts original intent on how it wanted the petitioner to serve his sentence. In the Governments response they stated there was no objection due to the courts oral statement during sentencing (copies attached). On August 30, 2010

the sentencing court granted petitioners motion and issued an amended judgment and commitment order pursuant to (Fed. R. Crim. P. 36). The amended order mirrored the oral sentence that the sentencing court intended for the petitioner.

### III.

The records department at F.C.I. Low would not honor the amended court order, therefore petitioner had to file administrative remedies program using the three tiered process to address prisoners concerns relating to any aspects of confinement, starting with the informal resolution ultimately to the Bureau of Prisons central office in Washington D.C. Petitioner has exhausted all available remedies and therefore subject to district court review. In the beginning stages of the informal resolution attempt, Associate Warden Amy Carlton requested that the petitioner withdraw his administrative remedy because she would handle the problem personally, after doing so Ms. Carlton was transferred to F.C.I. Forrest City and no other B.O.P. staff member was aware of what was going on with the petitioners complaint, then the petitioner started the administrative remedy process again, each tier was denied making erroneous claims that the petitioner was giving one day of jail credit for a state sentence from a 2005 charge, petitioner was never arrested or convicted for a state crime and therefore did not benefit from any credit for a state charge, subsequently the B.O.P. stated that the petitioner could not receive a concurrent sentence since the 10 month sentence expired, although petitioner was arrested on the drug conspiracy charge first.

## CONCLUSION

Petitioner respectfully request that this Honorable Court issue an order directing the Bureau of Prisons officials to correct petitioners sentence to reflect the concurrent sentence ordered by U.S. District Judge Sarah Vance, beginning from the date of petitioners arrest on March 24, 2008 the day petitioners official federal detention began. Note the petitioner did not receive bail in either case, nor serving any state sentence.

## PRAYER

Petitioner prays that the Honorable Court will grant this motion for Writ of Habeas Corpus pursuant to 28 USC §2241 and order the B.O.P. to calculate petitioners sentence correctly.

September 7, 2011

Respectfully Submitted,

*Devern Morgan*
Devern Morgan #30575034
F.C.I. Beaumont (Low)
Post Office Box 26020
Beaumont, Texas 77720

## CERTIFICATE OF SERVICE

I Devern Morgan Petitioner Pro se, certify under the penalty of perjury that I mailed a copy of the foregoing motion using pre-paid first class United States postage to the following addresses, using the "internal inmate mailing system" to:

United States District Court
Jack Brooks Federal Building
300 Willow Street
Beaumont, Texas 77701


United States Attorney's Office
Post Office Box 3507
Beaumont, Texas 77704


Respectfully Submitted,

September 7, 2011

*Devern Morgan*
Devern Morgan #30575034
F.C.I. Beaumont (Low)
Post Office Box 26020
Beaumont, Texas 77720

1    MR. THIEL: It was not, Judge.

2    MR. LANDRIEU: It was not, Your Honor.

3    THE COURT: Then --

4    MR. LANDRIEU: I do not believe that we could have
5 joined those things.

6    MR. THIEL: You may not --

7    THE COURT: Then, how could you put that in the same
8 bill?

9    MR. THIEL: You may not have been able to join it,
10 Judge, but I believe that there were instances where perhaps a
11 plea agreement could have been discussed. I don't know if it
12 was or it wasn't, but regardless, I'm asking the Court to take
13 that into consideration and consider a sentencing more in line
14 with a criminal history category of one, the initial level, or
15 at least at minimum, at the lower end of the guideline, the
16 sentencing guideline.

17    Thank you, Judge.

18    THE COURT: Thank you.

19    Mr. Landrieu?

20    MR. LANDRIEU: Your Honor, the Government does not
21 believe that a downward departure is appropriate in connection
22 with this case because of the Defendant's prior record, and in
23 fact, because he has already pled guilty before Judge Africk in
24 a mail fraud case, in a separate indictment. The Government
25 would ask that this, whatever sentence the Court imposes in

1  connection with this case, be run consecutive to that case, as
2  well, because it's two distinct separate crimes.
3          THE COURT: We haven't gotten anything on consecutive
4  sentences on this. They're not recommending this on
5  consecutive. Okay.
6      (Pause.)
7          THE COURT: I have considered the Advisory Guidelines
8  and all of the factors in 18 USC Section 3553(a) and find it
9  appropriate to give a sentence within the Advisory Guideline
10 range. It is the judgment of the Court that the Defendant,
11 Devern Morgan, is hereby committed to the custody of the Bureau
12 of Prisons to be imprisoned for a term of 80 months as to Count
13 1 and 2, to run concurrently. The Court imposes this sentence
14 because it adequately reflects the seriousness of the offense,
15 and the Court is not going to impose this as a consecutive
16 sentence to the sentence imposed by Judge Africk.
17         Upon your release from imprisonment you shall be
18 placed on supervised release for a term of four years as to
19 Counts 1 and 2, to run concurrently. Within 72 hours of
20 release from the custody of the Bureau of Prisons you shall
21 report in person to the Probation Office in the district to
22 which you are released. While you are on supervised release
23 you shall comply with the mandatory and standard conditions of
24 supervised release that have been adopted by this Court, and
25 you shall not possess a firearm.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO: 08-078 |
| v. | * | SECTION: "R" |
| DEVERN MORGAN | * | |

\* \* \*

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION TO MODIFY JUDGEMENT

The Government has no objection to the defendant's request for a modification of his Judgement and Commitment Order (Rec. Doc. # 71).

After a review of the record, it appears that the defendant was sentenced in the above captioned case on May 13, 2009. (Rec. Doc. # 69). The Court sentenced him to serve 80 months as to both Counts 1 and 2 to be served concurrently with each other. However, the document is silent concerning how this sentence should run relative to the defendant's sentence that was issued under case # 08-092 "I" by Judge Africk.

During the sentencing hearing in Section "R" under case number 08-078, the Government specifically requested that the Court impose a consecutive sentence. (See sentencing transcript page p. 9-10). However, the Court rejected the Government's request for a consecutive sentence and specifically stated, "the Court is not going to impose this as a consecutive sentence to the sentence imposed by Judge Africk." (See sentencing transcript p. 10, lines 13-16).

Based on the Court's clear statement of it's intent not to impose a consecutive sentence, the Government has no objection to the defendant's motion for a modification of his Judgement and Commitment Order. The Government believes that the amendment to the Judgement and Commitment order should specifically state that the sentence imposed in case number 08-078 "R" should run concurrently with the sentence that was imposed in case number 08-092 "I". Furthermore, copy of the new amended Judgement and Commitment order should be forwarded to the United States Bureau of Prisons, so that the defendant's sentence can be recalculated in accordance with Court's original intent.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY


s/ Maurice E. Landrieu
MAURICE E. LANDRIEU (#22104)
Assistant United States Attorney
Hale Boggs Federal Building
500 Poydras Street, 2nd Floor
New Orleans, Louisiana 70130
Telephone No. (504) 680-3015
maurice.landrieu@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record. (I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following participants: Devern Morgan, Reg. # 30575-034, Post Office Box 26020, Beaumont, Texas 77720).

s/ Maurice E. Landrieu
MAURICE E. LANDRIEU
Assistant United States Attorney

# UNITED STATES DISTRICT COURT

Eastern                    District of                    Louisiana

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| DEVERN MORGAN | Case Number: 08-78 "R" |
| | USM Number: |
| | Michel Thiel   AUSA: Maurice Landrieu |
| | Defendant's Attorney |

Date of Original Judgment: 5/28/2009
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☑ pleaded guilty to count(s) 1 and 2 of the Indictment on February 4, 2009
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1) & 861 | Conspiracy to Possess with the Intent to Distribute 500 Grams or more of Cocaine Hydrochloride | | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/19/2010
Date of Imposition of Judgment

*/s/ Sarah Vance*
Signature of Judge

SARAH S. VANCE                     U.S. District Judge
Name of Judge                       Title of Judge

8/30/2010
Date

___ Fee _____
___ Process _____
_X_ Dkld _____
___ CtRmDep _____
___ Doc. No. _____

AO 245C Case. 1:11-cv-00468-MAC-ZJH Document 1 Filed 09/19/11 Page 11 of 12 PageID #: 11
Sheet 2 — Imprisonment
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 3 of 8

DEFENDANT: DEVERN MORGAN
CASE NUMBER: 08-78 "R"

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

80 months as to Counts 1 and 2 of the Indictment, to run concurrently with each other and concurrently with the defendant's sentence imposed by United States District Judge Lance Africk, Eastern District of Louisiana, in case no. 08-92-LMA-JCW

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be incarcerated in a facility near his family in the Opelousas, Louisiana area.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m ☐ p.m. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**Administrative Remedy No. 633954-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal wherein you request your two federal sentences to be calculated as concurrent sentences, as ordered by the court.

A review of your records found you were initially arrested by federal authorities on March 25, 2008. You were sentenced on September 15, 2008, to serve 10 months incarceration for your conviction of Mail Fraud. On May 14, 2009, you were again sentenced in federal court for your conviction of Conspiracy to Possess Dangerous Drugs, to serve 80 months incarceration. These sentences ran concurrently.

A federal sentence cannot begin before it is imposed. Your first sentence (Mail Fraud) began on September 15, 2008. You received prior custody credit from March 24, 2008, to September 14, 2008, as you were held in custody for your federal offense and this time was not applied to any other sentence. You also received prior custody credit for one day in state custody, December 13, 2005, for this time was not applied to any other sentence and occurred after your offense date. The computation for your Mail Fraud sentence found you completed service of this sentence on January 19, 2009.

Your second sentence (Conspiracy) began on May 14, 2009, the day it was imposed. Because there is no overlap between these two federal sentences, they cannot be calculated as concurrent. You received prior custody credit from January 20, 20009, the day after you completed service of your first federal sentence, to May 13, 2009, the day before your second sentence was imposed. You have received all the prior custody credit allowed by law.

Prior custody credit is governed by 18 U.S.C. §3585(b)(2), which precludes the application of credit toward a federal sentence that was applied toward another sentence. The time period you are seeking as prior custody credit was applied to your first federal sentence. This time may not be applied to your second federal sentence. As there was no overlap of these sentences, it is not possible to run these sentences concurrently.

We concur with the previous findings in that the Bureau of Prisons computed your sentence in accordance with Program Statement 5880.28, <u>Sentence Computation Manual~CCCA</u>, and all applicable statutes.

Based on the above, your request is denied.

_9 Aug 2011_
Date

Harrell Watts, Administrator
National Inmate Appeals